### LINCOLN H. ROSS

*v.*

### THE STATE OF ILLINOIS.

*Opinion filed December 21, 1898.*

RESPONDEAT SUPERIOR—*State not liable for torts of its officers.* The State is not liable for the torts and negligent acts of its officers.

While the accident to the claimant in this case is to be deplored, and while the petition shows the injury is permanent, in the opinion of the Commission we have no power to bind the State.

The petition shows the claimant was acting under the direction of a foreman of the State's prison, and while obeying his orders fell from a derrick and was badly disabled.     It also alleges that the surgeon in charge failed to perform his duty and by neglect and unskillfulness the result of his treatment was unsatisfactory to the claimant, rendering him a cripple for life.

To the petition, a demurrer was filed by the State. Admitting the truth of the allegations of the petition,

we are of the opinion that the State is not liable for the torts and negligent acts of its officers. This view is fully sustained by the following line of authorities, viz: Story on Agency, Sec. 319; The State Bank, Admr., etc. v. The State, decided by the Commission at its August session, 1897, and authorities there cited: Jacob Schmidt v. The State of Illinois, decided by the Commission at the August session, 1890, and authorities there cited.

Viewing this case as we do and believing ultimately that there can be no allowance made by this Commission it would be useless expense incurred if the Commission should overrule the demurrer in this case and permit the claimant to introduce evidence which would only involve the expenditure of money and ultimately result in no good.

If there is any liability in this case, it is not against the State, but against the officers personally; that the State cannot be held liable for the acts of its officers, however negligent, is a rule too well established to admit of controversy. Nor do we believe the Commission is authorized by any statute to change the rule of the common law so well established, even though such a rule of necessity frequently works a great hardship.

Believing, therefore, as we do that the demurrer to the petition is well taken, we feel disposed to sustain it, and therefore dismiss the petition.